UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FRANK HARLOW, | No. 2:16-cv-2306 CKD P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his January 2013 conviction for multiple sexual offenses against a child under age fourteen, for which he was sentenced to a state prison term of thirty years, eight months. (ECF No. 1.) This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has consented to the jurisdiction of a magistrate judge to conduct all proceedings in this action. (ECF No. 6.)

Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, petitioner may proceed with this action in forma pauperis.

Petitioner asserts the following claims:

> 1. Trial court erred in admitting uncharged sexual offenses pursuant to Evidence Code Section 1108, violating petitioner's Fourteenth Amendment right to due process;
>
> 2. Trial court erred in admitting CSAAS evidence which deprived

1

petitioner of his Fourth Amendment right to due process. Petitioner "was deprived of the effective assistance of counsel in this regard";

3. The use of a hypothetical question during the testimony of Dr. Urquiza was improper, depriving petitioner of his right to a fair trial and invading the province of the jury. Petitioner "was deprived of the effective assistance of counsel in this regard"; and

4. Violation of petitioner's Sixth and Fourteenth right to due process and the effective assistance of counsel.

(ECF No. 1 at 3-9.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). Generally, speaking, a mixed petition containing both exhausted and unexhausted claims must be dismissed.

Here, on the portion of the court's form concerning the exhaustion of state remedies, petitioner indicates that, except for a direct appeal, he has not filed any petitions with respect to the challenged conviction. (Id. at 11.) He explains that his attorney advised that she could only argue what occurred at trial, excluding discovery or anything not disclosed in court transcripts. (Id.) State court records submitted by petitioner indicate that his direct appeal concluded on May 11, 2016, when his petition for review was denied by the California Supreme Court. (Id. at 13-14.)

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

From this record, it appears that petitioner's ineffective assistance claims are unexhausted. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed. Petitioner will be granted thirty days to file an amended petition raising only exhausted claims.

Along with the amended petition, petitioner may file a motion to stay this action pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), while he exhausts his ineffective assistance claims in the state courts. The "Kelly procedure" involves the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims,
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A petitioner who proceeds under Kelly may amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.[2] If a petitioner's newly-exhausted claims are untimely, he may amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition. See King, 564 F.3d at 1140–41.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's petition for a writ of habeas corpus is dismissed as "mixed";

3. Petitioner is granted thirty days from the date of this order to file an amended petition raising only exhausted claims. Failure to comply with this order will result in dismissal of this

---

[2] The habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

action without prejudice; and

    4. Along with his fully exhausted amended petition, petitioner may file a motion to stay this action pursuant to <u>Kelly v. Small</u> while he exhausts any unexhausted claims in the state courts.

Dated:  December 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harl2306.103mix

4